# IN THE COURT OF APPEALS OF IOWA

No. 16-0325
Filed October 26, 2016

**JOHN C. GILBERT,**
     Plaintiff-Appellant,

**vs.**

**STATE OF IOWA, TERRY MAPES, and AGENTS,**
     Defendants-Appellees.
_____

     Appeal from the Iowa District Court for Jasper County, Paul R. Huscher,

Judge.

     Inmate John Gilbert appeals the dismissal of his petition for writ of

mandamus. **AFFIRMED.**

     John C. Gilbert, Clarinda, pro se appellant.

     Thomas J. Miller, Attorney General, and John McCormally, Assistant

Attorney General, for appellees.

     Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

John Gilbert, an inmate at the Newton Correctional Facility, filed a petition for writ of mandamus complaining of the operation of a barbershop in the facility.[1] He asserted the barbershop did not comply with Iowa law and was unsafe and unsanitary. He sought monetary damages, punitive damages, and injunctive relief to compel the barbershop to operate in compliance with the Iowa Code (2015). The State filed a motion to dismiss, contending Gilbert's claims were barred for failure to comply with the Iowa Tort Claims Act, Iowa Code chapter 669. After a hearing, the district court dismissed Gilbert's petition, concluding:

> [Gilbert]'s claim for monetary damages against these state agencies and employees falls squarely within the provisions of the Iowa Tort Claims Act, section 669.1 *et seq.* The district court does not have jurisdiction to determine such actions unless or until the claim has been submitted pursuant to the provisions of that chapter and a final disposition made by the attorney general or no disposition was made within six months after the claim was submitted. In this case, no claim has been made in accordance with chapter 669, and [his] claims for monetary damages must be dismissed. In addition, [Gilbert's] claims for punitive damages are specifically prohibited by section 669.4.
>
> The remaining claims in [Gilbert]'s petition involve assertions that the barbering operation within the prison system does not comply with statutory mandates regarding sanitation, safety, and skill. The State's control and regulation of the barbering profession is found in chapter 158 of the Iowa Code. However, section 158.2(7) provides that practices listed in section 158.1 do not constitute barbering when performed by: "Offenders committed to the custody of the director of the department of corrections who cut the hair or trim or shave the beard of any other offender within a correctional facility, without receiving direct compensation from the person receiving the service."
>
> The court finds that [Gilbert]'s petition does not state a claim upon which relief can be granted by the district court, and the same must be dismissed.

Gilbert now appeals.

---

[1] Gilbert has since been transferred to the Clarinda Correctional Facility.

We have carefully reviewed the record, the briefs of the parties, and the district court's well-reasoned order. Upon our review, we find any further discussion of the issues by our court would not have precedential value or change the disposition of this case. Accordingly, we affirm the district court's order dismissing Gilbert's petition for writ of mandamus pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**